IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MBA ENGINEERING, INC., as Sponsor and Administrator of the MBA Engineering, Inc. Employees 401(k) Plan and the MBA Engineering, Inc. Cash Balance Plan, and Craig Meidinger, as Trustee of the MBA Engineering, Inc. Employees 401(k) Plan and the MBA Engineering, Inc. Cash Balance Plan,<br><br>Plaintiffs,<br><br>vs.<br><br>VANTAGE BENEFITS ADMINISTRATORS, INC., JEFFREY A. RICHIE, WENDY K. RICHIE, and MATRIX TRUST COMPANY<br><br>Defendants. | Case No.:  3:17-cv-03300-L |

## DEFENDANT MATRIX TRUST COMPANY'S (1) MOTION TO DISMISS FOR IMPROPER VENUE, OR ALTERNATIVELY, TO TRANSFER AND (2) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant Matrix Trust Company ("Matrix Trust") hereby moves to dismiss all claims in Plaintiffs' Amended Complaint against it (Counts II, IV, VI, VIII, XI, XV and XVIII) pursuant to Federal Rule 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue, or alternatively, to sever the claims against Matrix Trust and transfer those claims to the District of Colorado pursuant to Federal Rule 22 and 28 U.S.C. § 1404(a).  Should this Court determine that the case should remain in the Northern District of Texas, Matrix Trust moves the Court to dismiss the action in its entirety pursuant to Federal Rule 12(b)(6) for failure to state a claim.

### BACKGROUND

This case was brought by two Minnesota residents who serve as the plan administrator

1

and trustee, respectively, for the MBA Engineering, Inc. Employees 401(k) Plan and the MBA Engineering, Inc. Cash Balance Plan (collectively, the "Plans").  Plaintiffs bring this action in their individual capacities and not on behalf of the Plans.  They allege that the Plans were defrauded by Defendants Vantage Benefits Administrators ("Vantage"), Jeff Richie and Wendy Richie (collectively, the "Vantage Defendants"), who are not parties to this Motion.  Plaintiffs contracted with Vantage to serve as the Plans' third party administrator ("TPA") and record keeper.  Vantage allegedly stole over $2 million from the Plans while serving in those capacities in 2016 and 2017.  After learning of the fraud, Plaintiffs voluntarily made the Plans whole through a forgivable loan.

As the Plans' fiduciaries, Plaintiffs bear the ultimate responsibility for the Plans under ERISA and, among other things, they have a duty of care to oversee service providers they hire for the Plans.  In this action, they are trying to shift their liability to other parties who provided services for the Plans.  Specifically, Plaintiffs assert claims against Matrix Trust, who served as a directed custodian for the Plans.  Matrix Trust established custodial accounts to maintain custody of the assets held therein and invest those assets as directed by authorized parties under the custodial agreement (the "Custodial Accounts"); the money the Plans allegedly lost was transferred out of the Custodial Accounts under the direction and authority of Vantage.  Matrix Trust is a Colorado-based corporation that does not have a physical presence in Texas.  Its alleged involvement in the alleged fraud is limited to having custody of funds in the Custodial Accounts and processing the electronic wire instructions through which money was transferred out of the Custodial Accounts.  The Custodial Accounts were maintained in Colorado.

Plaintiffs' Amended Complaint asserts 19 counts: 12 against the Vantage Defendants (but not Matrix Trust) and the other 7 against Matrix Trust (but not the Vantage Defendants).  The

2

Vantage Defendants are in default and an unopposed motion for default judgment is pending against them.

This Motion presents two threshold issues: first, whether venue as to the claims against Matrix Trust is proper; and second, whether the Amended Complaint states a plausible claim against Matrix Trust under ERISA or the common law. As discussed below and in Matrix Trust's accompanying memorandum of law, both questions should be answered in the negative.

### Venue Is Improper As To The Claims Against Matrix Trust.

The Complaint does not lay a factual foundation for venue against Matrix Trust. 29 U.S.C. § 1132(e)(2) provides that an action brought under the statute "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." The Amended Complaint indicates that the Plans are administered in Minnesota (where Plaintiffs reside) and does not allege that Matrix acted (or failed to act) from anywhere other than its principal place of business in Colorado. Plaintiffs also do not plead facts showing that Matrix Trust "may be found" in Texas, which calls for a "minimum contacts" inquiry under the same standards governing personal jurisdiction. Matrix Trust has submitted a declaration in support of this Motion showing that it does not have such contacts.

Even if venue were proper in this district, a transfer to the District of Colorado is warranted under 28 U.S.C. § 1404. First, there is a valid forum selection clause in the Custodial Agreement that governs the Custodial Accounts. Plaintiffs allege that no contract of any type existed between themselves and Matrix Trust. That allegation, however, is contrary to the terms of their contract with Vantage (the "Master Agreement"), which the original complaint relied on and quoted from but did not attach. Matrix Trust has submitted with its declaration the form

3

contracts used by Vantage, which incorporate the Custodial Agreement.  <u>Second</u>, even in the absence of an applicable forum selection clause, the relevant factors support a transfer to the District of Colorado, where Matrix Trust resides, where the Custodial Account records are maintained, and where its employees are.  Plaintiffs, who chose to file in an out-of-state forum, cannot show any countervailing private or public interests that weigh significantly in favor of maintaining the suit here.  That is all the more true because the resolution of the claims against the Vantage Defendants by default judgment will leave Plaintiffs and Matrix Trust as the only remaining parties in the case.  If severance is necessary to effectuate a transfer, the Court should do so and transfer the claims.

### The Amended Complaint Fails To State A Claim Against Matrix Trust

Alternatively, the claims against Matrix Trust should be dismissed under Federal Rule 12(b)(6) for three independent reasons.  <u>First</u>, Plaintiffs lack statutory standing to bring their ERISA claims.  Plaintiffs do not—and cannot—seek recovery on behalf of the Plans or their participants or beneficiaries for the simple reason that the Plans have already been made whole, and any alleged injury previously sustained by the Plans has been remedied.  Plaintiffs are effectively bringing an action for contribution, seeking compensation for amounts they have paid to the Plans as a result of their own breach of their fiduciary duty to monitor Vantage.  ERISA does not provide for or contemplate individual remedies for fiduciaries, nor does it permit fiduciaries to obtain money damages simply by labeling their claim as equitable.

<u>Second</u>, even if Plaintiffs had standing, the facts alleged do not support a plausible inference that Matrix Trust is liable under ERISA.  Plaintiffs' ERISA claims rise and fall with the allegation that Matrix Trust was a "fiduciary" under the statute, but that term has a particular and limited meaning.  It does not apply here because there is no allegation that Matrix Trust was

named in the plan documents or pursuant to a procedure set forth in the plan documents, or that it exhibited discretionary control over any aspect of the Plans' affairs, or that it had functional control over Plan assets. With respect to the latter, Plaintiffs allege that the Vantage Defendants exercised control over the Plans' assets. Matrix Trust is only alleged to have held Plan assets in custody, which does not equate to control, and to have executed transaction instructions. Courts have regularly held that providing these basic services for retirement plans, without more, does not give rise to fiduciary status. Plaintiffs cannot avoid dismissal by alleging that Matrix Trust knew or "should have known" of particular facts. ERISA's "functional fiduciary" definition does not turn on actual or constructive knowledge, and even if it did, Plaintiffs do not allege facts giving rise to a plausible inference that Matrix Trust, a corporation that can only obtain knowledge through its agents, "knew" any fact cited in the Amended Complaint. For the same reason, Plaintiffs fail to support their conclusory allegation that Matrix Trust "knowingly participated" in the Vantage Defendants' alleged ERISA breaches and violations.

<u>Third</u>, the two common law claims asserted against Matrix Trust fail to state a claim because the Amended Complaint does not allege facts showing that Matrix Trust owed a duty to either Plaintiff, nor does it identify any relevant "professional standard" of care that Matrix Trust allegedly failed to meet.

## CONCLUSION

For the reasons stated above, the Court should (1) dismiss all claims against Matrix Trust for improper venue or, alternatively, transfer it to the District of Colorado, or (2) alternatively, dismiss all claims against Matrix Trust for failure to state a claim.

This 2nd day of May, 2018.

5

11687980.2

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: /s/ Bradly J. Purcell
    Bradley J. Purcell
    Texas Bar No.  24063965
    2200 Ross Avenue, Suite 3300
    Dallas, TX  75201
    Telephone:  (214) 721-8000
    Facsimile:   (214) 721-8100

    Michael P. Carey
    Georgia Bar No. 109364
    Ann W. Ferebee
    Georgia Bar No. 431941
    BRYAN CAVE LEIGHTON PAISNER LLP
    One Atlantic Center
    Fourteenth Floor
    1201 W. Peachtree St., NW
    Atlanta, GA 30309
    Telephone: (404) 572-6600
    Facsimile:  (404) 572-6999

    ATTORNEYS FOR MATRIX TRUST
    COMPANY

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing was served upon all counsel of record through CM/ECF on the 2nd day of May, 2018 and was also mailed to counsel of record.

    By:    */s/ Bradley J. Purcell*
           Bradley J. Purcell