IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MBA ENGINEERING, INC.,** as Sponsor and Administrator of the MBA Engineering, Inc. Employees 401(k) Plan and the MBA Engineering, Inc. Cash Balance Plan; and **CRAIG MEIDINGER**, as Trustee of the MBA Engineering, Inc. Employees 401(k) Plan and the MBA Engineering, Inc. Cash Balance Plan, <br><br> Plaintiffs, <br><br> v. <br><br> **VANTAGE BENEFITS ADMINISTRATORS, INC.; JEFFREY A. RICHIE; WENDY K. RICHIE; and MATRIX TRUST COMPANY**, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § | Civil Action No. **3:17-CV-3300-L** |

**MEMORANDUM OPINION AND ORDER**

Before the court is "Defendant Matrix Trust Company's (1) Motion to Dismiss for Improper Venue, or Alternatively, to Transfer and (2) Motion to Dismiss for Failure to State a Claim" (Doc. 25), filed May 2, 2018. For the reasons herein explained, the court **denies** "Defendant Matrix Trust Company's (1) Motion to Dismiss for Improper Venue, or Alternatively, to Transfer and (2) Motion to Dismiss for Failure to State a Claim" (Doc. 25).

**I.    Procedural Background**

On March 5, 2019, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 42) was entered, recommending that the court grant Defendant Matrix Trust Company's Motion to Dismiss for Failure to State a Claim; dismiss with prejudice all

**Memorandum Opinion and Order – Page 1**

claims asserted by Plaintiffs against Matrix Trust Company ("Matrix"); and deny Matrix's Motion to Dismiss for Improper Venue or, Alternatively, to Transfer. Specifically, the magistrate judge determined that: (1) dismissal for improper venue or severance and transfer of the claims against Matrix under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404(a) is not appropriate; (2) Plaintiffs' claims in Counts 2 and 4 under section 502(a)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA") should be dismissed because Plaintiffs lack statutory standing under ERISA to assert these claims, as their pleadings show they brought suit in their individual capacities to obtain a judgment in their favor to recover money Plaintiffs loaned to the employee benefit plans at issue ("Plans"), and not on behalf of or in favor of the Plans; (3) Plaintiffs' ERISA claims in Counts 6 and 11 under sections 406(b)(1), 406(a)(1)(D), and 405(a) should be dismissed for failure to state a claim upon which relief can be granted because Plaintiffs' pleadings fail to establish that Matrix was a fiduciary to the Plans; (4) Plaintiffs abandoned their ERISA claim under section 502(a)(3) in Count 8 and, even if not abandoned, the claim should be dismissed for failure to state a claim upon which relief can be granted because Plaintiffs do not allege that Matrix is in possession of the funds sought; and (5) Plaintiffs' state law negligence claims in Counts 15 and 18 should be dismissed because Plaintiffs fail to adequately allege facts regarding the source of Matrix's duty, and these state law claims are preempted by ERISA because they relate to the benefit plan at issue. The magistrate judge further recommended that the court deny Plaintiffs' request to amend their pleadings because, in response to Matrix's motion to dismiss, they failed to explain how they would cure the deficiencies noted. The magistrate judge, therefore, determined that granting them leave to amend would likely be futile and cause unnecessary delay. Plaintiffs filed objections to the Report, to which Matrix filed a response in opposition.

## II. Motion to Dismiss for Improper Venue, or Alternatively, to Transfer

No objections were made to the magistrate judge's recommendation that Matrix's Motion to Dismiss for Improper Venue, or Alternatively Transfer should be denied. Having reviewed the motion, the parties' briefs, evidence, and the Report, the court determines that the findings and conclusions of the magistrate judge with respect to Matrix's Motion to Dismiss for Improper Venue, or Alternatively Transfer are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Matrix's Motion to Dismiss for Improper Venue or, Alternatively, to Transfer.

## III. Motion to Dismiss for Failure to State a Claim

Only Plaintiffs filed objections to the Report. In their objections (Doc. 43), filed March 20, 2019, Plaintiffs MBA Engineering, Inc., as Sponsor and Administrator of the MBA Engineering, Inc. Employees 401(k) Plan and the MBA Engineering, Inc. Cash Balance Plan; and Craig Meidinger, as Trustee of the foregoing Plans (collectively, "Plaintiffs") contend in pertinent part as follows: (1) that they have standing to assert their ERISA claims; that Matrix qualifies as a "functional fiduciary" because it exercised authority and control over the Plans' assets when it unilaterally transferred assets out of the Plans to Defendants Vantage Benefits Administrators, Inc. ("Vantage") and Jeffrey and Wendy Richie;[1] that they did not abandon their ERISA claims under section 503(a)(3);[2] that their

---

[1] Plaintiffs also contend that the magistrate judge incorrectly interpreted 29 U.S.C. § 1002(21)(A)(i) to mean that discretion is required for fiduciary status regardless of whether an entity "exercises any discretionary authority or discretionary control respecting management of such plan **or** exercises **any authority or control** respecting management or disposition of its assets." Pls.' Obj. 2. Plaintiffs contend that "[d]iscretion is not required for fiduciary status if an entity has authority or control over plan assets," which is the basis of their assertion that "Matrix is a fiduciary of the Plans because it exercised authority and control over the Plans' assets when it unilaterally transferred assets of the Plans to Vantage's account." *Id*. The court agrees that Plaintiffs' interpretation of section 1002(21)(A)(i), as it applies to their pleadings is correct. Section 1002(21)(A)(i) provides: "Except as otherwise provided in subparagraph (B), a[n entity] is a fiduciary with respect to a plan to the extent (i) [it] exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets." Thus, section 1002(21)(A)(i) makes clear that the exercise of "any" authority or control over plan assets implicates fiduciary duties under ERISA. As herein explained, however, the court determines that resolution of the issue of whether Matrix's conduct falls under this provision should be decided in the context of a summary judgment motion

**Memorandum Opinion and Order – Page 3**

state law claims should not be dismissed as preempted[3] or for failure to state a claim because they allege in the alternative that, even if it is determined that Matrix is a non-fiduciary to the Plans under ERISA, it owed a common law duty to the Plans under Texas law as a service provider to the Plans and the custodian of the Plans' assets; and that they should be allowed to amend their pleadings to

---

or at trial, as Matrix's role in the alleged conduct is not sufficiently clear for the court to decide one way or another whether it qualifies as a fiduciary. The court also notes that, in attempting to distinguish case authority relied on by Matrix, Plaintiffs mischaracterize the holding in *McLemore v. Regions Bank*, 682 F.3d 414 (6th Cir. 2012). Specifically, Plaintiffs contend that "[t]he Court in *McLemore* found 'ERISA-fiduciary status applicable to a plan custodian exerting unilateral control over plan assets.' *McLemore*, 682 F.3d at 423," and that "[t]he same finding is warranted here where Matrix exercised this unilateral control." Pls.' Resp. 24. The passage quoted in Plaintiffs' response, however, is to an argument made by the trustee in *McLemore*, not a finding by the court in that case. *See McLemore*, 682 F.3d at 423.

[2] Regarding this objection, Plaintiffs contend:

> The Findings incorrectly assume that Matrix's challenge to Plaintiffs' § 502(a)(3) claim was on the merits of whether Matrix breached its fiduciary duties. That was not Matrix's argument. Instead, Matrix argued it was not a fiduciary, and, therefore, Plaintiffs could not seek relief against Matrix as a "non-fiduciary." Plaintiffs rebutted this argument by showing that Matrix is a fiduciary under ERISA. Moreover, Plaintiffs' opposition noted, should Matrix not be found to be a fiduciary, it is liable as a directed trustee under ERISA for knowingly following Vantage's improper instructions.

Pls.' Obj. 17 (citations omitted). This contention does not accurately reflect what Plaintiffs actually argued in response to the motion to dismiss. In response to the motion to dismiss, Plaintiffs contended that Matrix was not a directed trustee, but, even if it was, it would be still be liable under ERISA:

> ***Even if Matrix was in fact viewed as a directed trustee – which it is not*** – it is still liable under ERISA for improperly following the instructions of the Vantage Defendants. ("Where a 'directed trustee' knows or should know that a direction from a named fiduciary is not made in accordance with the terms of the plan or is contrary to ERISA, the directed trustee may not, consistent with its fiduciary responsibilities, follow the direction.").

Pls.' Resp. 23 n.13 (emphasis added). In any event, whether Matrix qualifies as a "directed trustee," as that term is defined by ERISA, has not been adequately briefed by either party. *See* L.R. 7.1(d) ("An opposed motion must be accompanied by a brief that sets forth the moving party's contentions of fact and/or law, and argument and authorities[.] . . . A response to an opposed motion must be accompanied by a brief that sets forth the responding party's contentions of fact and/or law, and argument and authorities."). The court, therefore, does not address the issue in ruling on the Rule 12(b)(6) motion to dismiss, and it notes that this issue was not addressed by the magistrate judge.

[3] Although the magistrate judge recommended that Plaintiffs' state law tort claims against Matrix should be dismissed because they are preempted by ERISA, Matrix did not move to dismiss Plaintiffs' state law claims on this ground and does not contend in response to Plaintiffs' objections to the Report that these claims are preempted. Because the court was unable to find any reference to preemption in Matrix's briefs, and Plaintiffs were not given an opportunity to brief this issue before the magistrate judge issued her Report, the court does not consider preemption as a ground for dismissal in ruling on Matrix's motion to dismiss and **overrules as moot** Plaintiffs' preemption objection.

**Memorandum Opinion and Order – Page 4**

cure the deficiency noted by the magistrate judge by replacing language in their pleadings to reflect that this action is being brought on behalf of the Plans, and that Plaintiffs are seeking entry of a judgment in favor of the Plans. Matrix filed a response in opposition to Plaintiffs' objections (Doc. 46) on April 3. 2019.

In briefing Matrix's motions, both parties submitted evidence in support of their respective positions regarding venue, as well as the appropriateness of dismissal under Federal Rule of Civil Procedure 12(b)(6). In addition, Plaintiffs submitted evidence in response to the magistrate judge's findings and recommendation. Specifically, in support of its motion to dismiss and contention that it does not qualify as a fiduciary under ERISA, an issue that goes to the heart of all of Plaintiffs' ERISA claims, Matrix relies on the declaration of Will Beutelschies ("Beutelschies") to show, among other things, that the letter referenced in Plaintiffs' First Amended Complaint ("Complaint") for purposes of establishing an alternate basis of fiduciary status or liability against Matrix, is a "forgery." Matrix Mot. 19 n.8 (Doc. 26) (quoting Matrix App. 4-5 (Doc. 27)). Matrix also appears to rely in part on a Custodian Agreement but contends that dismissal under Rule 12(b)(6) is appropriate even if the court does not consider this agreement.[4] *See* Matrix Mot. 22.

---

[4] Matrix relies in large part on this Custodial Agreement to support its motion to dismiss for improper venue and alternative request to transfer venue to Colorado. While Matrix also maintains that Plaintiffs' claims against it should be dismissed, even if the court does not consider the Custodial Agreement, its contention that it acted as a mere custodian of the Plans' assets appears to derive solely from this agreement, as there are no facts in the Complaint from which the court can similarly conclude that it was a mere custodian of the assets. The court agrees that Plaintiffs appear to have amended their Complaint to strategically avoid the terms of this and another agreement that the parties to this action may or may not have executed, but it believes that the issue of whether any such agreements were executed or are binding is best left for summary judgment practice after discovery. Similarly, whether the letter agreement is a forgery or enforceable is not an appropriate issue for resolution in the context of a motion to dismiss under Rule 12(b)(6).

**Memorandum Opinion and Order – Page 5**

In response to Matrix's motion to dismiss, Plaintiffs rely on declarations and loan documents to support their contention that they have statutory standing[5] to sue on behalf of the Plans under ERISA. In conjunction with their objections to the Report, Plaintiffs also submitted the declaration of Meidinger to show that he would have had standing to sue under ERISA, even if he had sued in

---

[5] It is not entirely clear whether Plaintiffs are relying on Meidinger's declaration and the loan documents to establish statutory standing under ERISA. As noted by Matrix and the magistrate judge, Plaintiffs appear to conflate the distinction between statutory standing with constitutional standing in responding to the motion to dismiss. Plaintiffs, nevertheless, address and acknowledge Matrix's contention as to whether suit is brought on behalf of the Plans, contend that their Amended Complaint seeks recovery on behalf of the Plans, and submitted evidence to establish this as a fact. In Plaintiffs' defense, it is not clear from Matrix's motion and reply whether it is moving for dismissal based on statutory standing alone or both statutory standing and constitutional standing grounds. In its reply brief, Matrix appears to contend that Plaintiffs lack statutory *and* constitutional standing by asserting that Plaintiffs' allegations "raise issues of both statutory and constitutional standing." Matrix Reply 5. In addition, Matrix contends in its motion to dismiss that Plaintiffs lack standing "for the simple reason that the Plans have already been made whole by Plaintiffs themselves. Any alleged injury previously sustained by the Plans has been remedied, and there is no risk of further injury to the Plans since the loans will be forgiven if Plaintiffs are unsuccessful" in this case. Matrix Mot. 15-16 (citations omitted). Similarly, in its reply brief, Matrix contends that the Complaint establishes that the "Plans have been made whole" because Plaintiffs allege that they "established new Plan trust accounts, transferred any remaining assets from Matrix's possession to the new accounts, and loaned additional funds into these account to **make the Plans whole**." Matrix Reply 5 (quoting Pls.' Compl. ¶ 47). The confusion stems from Matrix's inclusion of this argument in sections of its motion and reply briefs titled "Plaintiffs Fail to State A Claim Under ERISA" and "Plaintiffs Do Not Have Statutory Standing Under ERISA." *See* Matrix Mot. 14-15; Matrix Reply 5. From this, it appears that Matrix only intended to move for dismissal based on statutory standing under Rule 12(b)(6), despite its passing reference to constitutional standing in its reply. The foregoing arguments regarding the Plans being made whole are also conclusory and are not accompanied by any legal authority or analysis, so it is not clear whether Matrix's "made whole" contention was meant to be a statutory or constitutional standing argument. Plaintiffs perceived Matrix's "made whole" argument as being a misplaced constitutional standing argument that is actually a mootness argument that does not affect the court's Article III jurisdiction. Matrix did not attempt to clarify its position in its reply. Plaintiff is correct that mootness and constitutional standing doctrines are not synonymous and serve different functions, such that mootness is not equivalent to lack of standing. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 189-92 (2000) (explaining the difference between the two doctrines). Regardless of whether Matrix intended its "made whole" argument to be grounded in statutory or constitutional standing, or the doctrine of mootness, this conclusory argument was not adequately briefed by Matrix, as required by this District's Local Civil Rules, for the court to address it or express any opinion regarding it, *see* L.R. 7.1(d), and doing so would require the court to engage in inappropriate speculation. Moreover, its mentioning constitutional standing for the first time in its reply brief also violates the rule against raising new arguments in a reply brief. *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) (explaining that arguments raised for the first time in a reply are generally waived) (citation omitted). The court also notes that this argument by Matrix was not addressed by the magistrate judge.

**Memorandum Opinion and Order – Page 6**

his individual capacity. In submitting these materials, both parties request the court to consider matters outside of the pleadings in ruling on Matrix's motion for dismissal under Rule 12(b)(6).[6]

Regarding Matrix's Motion to Dismiss for Failure to State a Claim, the court determines that the arguments raised by the parties involve factual issues that are better left for resolution at the summary judgment stage or trial. The facts regarding Matrix's fiduciary status under ERISA need development, as the court cannot make a determination regarding Matrix's fiduciary status in a vacuum. Accordingly, evidence regarding Matrix's disputed role is needed to determine whether it actions amount to exercising "any authority or control respecting management or disposition of [the Plans'] assets," 29 U.S.C. § 1002(21)(A)(i), or make Matrix liable to the Plans on the other theories referenced in the parties' briefs such as "directed trustee" liability. Likewise, the facts as to whether Matrix can be held liable as a non-fiduciary under Texas common law for the torts alleged need development. In addition, if Matrix intends to seek dismissal again of Plaintiffs' ERISA claims for lack of statutory standing on the ground that this action is in effect a contribution action that does not entitle Plaintiffs to relief under ERISA, this legal issue will need further development and analysis as it applies to the facts of this case.

While the court has discretion to convert Matrix's motion to dismiss to a summary judgment and consider the parties' evidence that is outside the pleadings, it declines to do so here, as it would

---

[6] In ruling on a motion to dismiss under Rule 12(b)(6), the court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims." *Id.* (citation omitted)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). The court, however, may "take judicial notice of matters of public record." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (citation and quotation marks omitted).

**Memorandum Opinion and Order – Page 7**

only further delay the resolution of the motion to dismiss and the proceedings in this case unnecessarily because the court would need to give the parties an opportunity to submit additional briefing and evidence, and it is not clear whether proceeding in this manner would facilitate disposition of Plaintiffs' claims against Matrix. *See Isquith v. Middle South Util., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988) (explaining that the decision whether to convert a motion to dismiss to a motion for summary judgment is within the court's discretion, which is exercised on the basis of a determination of "whether or not the proffered material, and the resulting conversion from the Rule 12(b)(6) to the Rule 56 procedure, is likely to facilitate the disposition of the action." ) (citation and quotation omitted); *see also Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 539 (5th Cir. 2003) (explaining that, when a district considers matters outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss, it must first convert the motion to dismiss to a summary judgment motion, give the parties notice and an opportunity to present evidence pertinent to the motion).

Accordingly, having reviewed the motion to dismiss, the parties' briefs, the pleadings, and the Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the motion to dismiss should be denied. The court, therefore, **rejects as moot** the findings and conclusions of the magistrate judge with respect to Matrix's Motion to Dismiss for Failure to State a Claim and **overrules as moot** Plaintiffs' objections to the Report.

## IV. Amendment of Pleadings

As noted, Plaintiffs requested to amend their pleadings in response to Matrix's motion to dismiss and again in their objections to the Report. Having determined that the motion to dismiss should be denied because matters in the motion to dismiss are better left for resolution at the summary judgment stage or trial, the court **denies as moot** Plaintiffs' request to amend their

pleadings. The court's ruling on the motion to dismiss, however, is not intended to be a comment regarding the strength or weakness of Plaintiffs' pleadings or claims against Matrix. If Plaintiffs wish to further amend their pleadings, they must file a motion for leave to do so in accordance with Federal Rule of Civil Procedure 15(a).

Further, if Plaintiffs are granted leave to amend their pleadings, and a motion to dismiss is filed by Matrix under Rule 12(b)(6), the court will not consider matters outside the pleadings. As the court has noted, the parties' reliance on matters outside the pleadings has unnecessarily delayed the resolution of Matrix's current motion to dismiss and the proceedings in this case. The manner in which the parties briefed Matrix's motion to dismiss also caused unnecessary confusion and delay. The court is not pleased with the current procedural posture of this case. *Accordingly, if a party includes evidence outside the pleadings in conjunction with a motion to dismiss, fails to comply with this District's Local Civil Rules applicable to motion practice or the Federal Rules of Civil Procedure, mischaracterizes legal authority or a party's prior allegations or arguments, or raises new matters for the first time in a reply brief, the court will sanction the offending party or counsel representing that party. The court also puts the parties on notice that, while it may consider new evidence in response to the magistrate judge's findings and recommendation, it is not required to consider new legal arguments, and it will scrutinize a party's reasons for waiting until after the magistrate judge issues her findings and conclusions to raise new evidentiary issues. The court is aware of the contentious nature of the litigation in this case, but it will not countenance litigation by surprise or strategic maneuvering that further delays the resolution of the claims in this action.*

## V. Conclusion

For the reasons explained, the court **denies** "Defendant Matrix Trust Company's (1) Motion to Dismiss for Improper Venue, or Alternatively, to Transfer and (2) Motion to Dismiss for Failure to State a Claim" (Doc. 25). By separate order, the court will require Plaintiffs and Matrix to submit a joint status report and, after receiving the parties' joint status report, it will enter a scheduling order that will govern the proceedings in this case.

**It is so ordered** this 9th day of August, 2019.

Sam A. Lindsay
United States District Judge